UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| SUSAN MAPLES,<br><br>          Plaintiff,<br><br>     vs.<br><br>SAFEWAY, INC.,<br><br>          Defendant. | 5:14-CV-05082-JLV<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION TO COMPEL PRODUCTION<br>OF DOCUMENTS |

**INTRODUCTION**

This is a personal injury diversity action brought by Plaintiff, Susan Maples, against Defendant, Safeway, Inc. (Doc. 1). Pending before the court is a motion filed by Plaintiff to compel Safeway to provide certain discovery. (Doc. 21). The presiding district judge, the Honorable Jeffrey L. Viken, Chief Judge, referred this motion to this magistrate judge for a decision. (Doc. 27).

**FACTS**

Plaintiff, Susan Maples, sued Defendant, Safeway, Inc., for injuries allegedly sustained on August 23, 2012, when plaintiff slipped on a grape and fell. (Doc. 23-1 at p. 27-28). Anthony Rieger was a Safeway Courtesy Clerk at the time. (Doc. 23-1 at p. 31). He would have performed the floor inspections on a "sweep log" prior to the Plaintiff's fall. (Doc. 23-1 at p. 31).

Plaintiff requested "copies of all training materials provided to Anthony Rieger for any time prior to August 23, 2012." (Doc. 22 at p. 1). In response,

1

Safeway responded, "[t]here are no hard copies of manuals to provide you. There are only online training courses.  Please find attached Print shots of the LDC Training Modules required for completion by Courtesy Clerks."  (Doc. 23-3 at p. 2).  The pictures of the training module screens were provided.  (Doc. 23-3 at p. 5).

On December 10, 2015, Plaintiff's counsel sent an email to Safeway's counsel.  (Doc. 23-4).  The pertinent portion is as follows: "Additionally, as we discussed yesterday, I would like access to the 'LDC Training Modules' you provided screenshots of in response to Request for Produce 3.  If we need to get a protective order in place to enable us to have access to the training, that will not be a problem."  (Id.)  Plaintiff's counsel followed up in a December 14, 2015, email stating, "[f]urther I have asked and I have not yet received the 'training material' which is referenced in one of your pretrial submissions." (Doc. 23-5 at p. 1).  Safeway's counsel responded in a December 15, 2015, email stating that it is incorrect to say Plaintiff's counsel had not yet received training material.  "You have been provided access to available information concerning training.  As I understand it, screen shots have been provided to you which outline training information.  I am advised that the specific training modules are embedded within Safeway's system and cannot be copied or transferred to a CD/DVD.  Further, the training modules are proprietary." (Doc. 23-6 at p. 2).

On December 17, 2015, Plaintiff's counsel sent another email regarding the training materials.  He requested that Safeway's counsel "consider this

letter a meet and confer letter in regards to the training materials that are the subject on Plaintiff's Request for Production #3 dated August 12, 2015." (Doc. 23-7 at p. 1). The email continued: "After taking the deposition of Janel Schlueter, Rita Muilenburg, and Anthony Rieger yesterday, it is now abundantly clear from their testimony that the training materials Safeway provided to Anthony Rieger in his role as a courtesy clerk consist of substantially more than the 'screenshots' that have been provided in response to Plaintiff's Request for Production #3." Plaintiff's counsel also represented his willingness to sign a non-disclosure agreement as to the training materials, even though he does not agree that the materials are proprietary and he would be entitled to the materials even if they were. Plaintiff's counsel represented his intent to file a motion to compel "sometime in the next week." (Doc. 23-7 at p. 1).

In one final email relating to the training materials, Safeway's counsel indicated that he asked his "client to consider giving you access to a terminal that would allow for review of the training materials." (Doc. 23-8). He went on to explain that under Federal Rule of Civil Procedure 26(b)(2)(B):

> [A] party need not provide discovery of electronically-stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. Further, the rules direct the Court to limit the frequency or extent of discovery, where the party seeking discovery has had ample opportunity to obtain the information by discovery in the action. I believe that giving you an opportunity to review the training materials would constitute sufficient access.

(Doc. 23-8).

The instant motion was filed on December 20, 2016.[1]  On January 15, 2016, Safeway provided a supplemental discovery response consisting of 34 pages of slides from one training module.  (Doc. 29 at p. 2)

## DISCUSSION

### I.      Whether Plaintiff  Has "Met and Conferred" With Defendant

"On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery.  The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).

Plaintiff's counsel argues that he has attempted to work with Safeway's counsel to resolve their dispute before filing the motion to compel.  (Doc. 22 at p. 10-11).  Safeway's counsel contends that Plaintiff's counsel has failed to meet his burden to meet and confer because the emails that Plaintiff's counsel attached to show an unresolved discovery dispute instead show an "ongoing effort" on Safeway's counsel's part to provide access to the requested information.  (Doc. 25 at p. 3).

The moving party's motion may contain the equivalent of this certification in which the attorney "confirms that it has attempted in good faith to resolve this discovery dispute [with opposing counsel]" prior to filing the

---

[1] On November 16, 2015, Plaintiff filed a motion to compel discovery responses related to the first and second set of interrogatories and requests for production of documents.  (Doc. 15).  On December 7, 2015, Plaintiff withdrew this motion (Doc. 19) and the District Court entered an order granting the motion to withdraw (Doc. 20).  Plaintiff filed the instant motion to compel the third request for production of documents on December 30, 2016.  (Doc. 21).

motion.  See <u>Highmark, Inc. v. Northwest Pipe Co.</u>, No. CIV 10-5089-JLV, 2012 WL 997007, *4 (D.S.D. Mar. 23, 2012).

"The purpose of the meet and confer requirement is to force litigants to attempt to resolve, or at least narrow, the disputed issues to prevent the unnecessary waste of time and effort on any given motion."  <u>Robinson v. Napolitano</u>, No. CIV. 08-4084, 2009 WL 1586959, *3 (D.S.D. June 4 2009) (internal quotations omitted) (citing <u>Alexander v. Federal Bureau of Investigation</u>, 186 F.R.D. 197, 199 (D.D.C. 1999)).

Plaintiff's briefing describes the actions taken by Plaintiff's counsel that counsel believes met the meet and confer requirements.  (Doc. 22 at p. 2-3, 8; Doc. 29 at p. 3).  The court will accept this description as equivalent to the required certification and finds that Plaintiff has satisfied its duty to confer in good faith with counsel for Safeway to try to work out these differences before filing the instant motion.  Therefore, the court will consider the motion on its merits.

## II.    **Whether the Discovery Must be Provided**

The scope of discovery for civil cases is set forth in Federal Rule of Civil Procedure 26(b)(1) which provides as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed

> discovery outweighs its likely benefit. Information
> within the scope of discovery need not be admissible in
> evidence to be discoverable.

FED. R. CIV. P. 26(b)(1).

"A party seeking discovery is merely required to make a threshold showing of relevance, which is more relaxed than the showing required for relevance in the context of admissibility." Klynsma v. Hydradyne, LLC, No. CIV. 13-5016-JLV, 2015 WL 5773703, *16 (D.S.D. Sept. 30, 2015) (citing Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 350-51 (1978)).  The party resisting discovery must show specifically how each request is irrelevant or unduly burdensome.  Klynsma, 2015 WL 5773703 at *16 (citing St Paul Reinsurance Co., 198 F.R.D. at 512).

"The mere statement that an interrogatory or request for production was overly broad, burdensome, oppressive or irrelevant is not adequate to voice a successful objection." Klynsma, 2015 WL 5773703 at *16 (internal quotations omitted) (citing St Paul Reinsurance Co., 198 F.R.D. at 511).  Instead, the party resisting production on this basis "must show specifically how each [request for production] is not relevant or how each question is overly broad, burdensome or oppressive." Id. (citing St Paul Reinsurance Co., 198 F.R.D. at 511)

The discovery Plaintiff seeks is relevant and Safeway has not claimed the discovery is irrelevant.  Instead, Defendant suggests that complying with the discovery request may be unduly burdensome.  (Doc. 23-8).  In its responsive brief, Safeway argues that the court can limit discovery if the party requesting discovery had ample opportunity to obtain the information or if the requested

6

discovery is unreasonably cumulative or duplicative.  (Doc. 25 at p. 5-7.

Safeway argues that Plaintiff had the opportunity to question Anthony Rieger

and other employees about training and floor sweeps, was provided with

information on floor sweeps and received supplemental information regarding

the training materials.  (Doc. 25 at p. 6).  Safeway alleges that requiring the

Safeway to produce the training materials in another format would be

duplicative.  (Id.)

In her reply, Plaintiff states that, while the Safeway did submit

supplemental information regarding training materials, these materials did not

include the training modules related to floor "sweeps."  (Doc. 29 at p. 2).

### A.    Proprietary information

In its correspondence to the Plaintiff, Safeway claimed the modules are

proprietary.  (Doc. 22 at p. 8; Doc. 23-6 at p. 2).  However, in its responsive

briefing, Safeway makes no such argument.  If indeed, Safeway is claiming the

modules are not discoverable because they are proprietary, the argument is

without merit.  "[T]here is no privilege for confidential or proprietary

documents.  Simply because a document may be proprietary or confidential

does not protect it from discovery."  Highmark, Inc. v. Northwest Pipe Co., No.

CIV 10-5089-JLV, 2012 WL 997007, *6 (D.S.D. Mar. 23, 2012).  "Under

Fed.R.Civ.P. 26(c)(1), it is [the resisting party's] duty to move for a protective

order.  Safeway moved the court for a protective order, which was granted on

February 1, 2106 (Doc. 34).  If Safeway resists the motion on these grounds,

the court finds the information is governed by the protective order and cannot be withheld on this basis.

**B.      Whether the electronically storied information is cumulative, duplicative, or unduly burdensome.**

Rule 26 contains specific limitations relative to electronic discovery and other objections to providing discovery:

> (B) *Specific Limitations on Electronically Stored Information.* A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify the conditions for the discovery.

> (C) *When Required.* On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

>> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

>> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

>> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

FED. R. CIV. P. 26(b)(2)(B) and (C).

Plaintiff did not specify the form in which the requested documents must be produced.  (Doc. 22 at p. 7; Doc. 25 at p. 5).  When a party does not specify the form, Federal Rule of Civil Procedure 34(b)(2)(E)(ii) requires that electronically stored information must be produced "in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." Plaintiff argues that she is entitled to this information in a form that the Plaintiff can utilize in the discovery process, trial preparation and at trial. (Doc. 22 at p. 8).  Safeway argues that it provided copies of slide presentation related to the computer based trainings for Courtesy Clerks.  (Doc. 25 at p. 5). It argues that these materials were produced in a format as ordinarily maintained and in a reasonably usable form or format.  (Id.)

Safeway appears to be misunderstanding Plaintiff's request, purposefully or otherwise.  The Plaintiff is not alleging that the copies of the slide presentation have not been provided in a usable format, but that there are still training materials that should have been provided, especially as relating to the floor inspections.  Plaintiff alleges that she has not received all of the training materials as requested and that she expects them to be delivered in a usable format.

Plaintiff's discovery request is highly relevant to the liability issues raised in the Complaint and is not cumulative or duplicative.   Safeway's supplemental 34 page attachment fails to comply with Plaintiff's discovery request.  Witnesses testified that the training modules took 6-8 hours to complete.  The court can only reasonably concluded that four pages of screen

9

shots and 34 pages of one of the training modules is but a fraction of the training materials given that the training takes 6-8 hours to complete. Furthermore, it is unreasonable to conclude that the Plaintiff can extract this very specific information from a witnesses' recollection of his training during a deposition.  The court concludes that Safeway has withheld discoverable information which is not cumulative or duplicative.

The remaining inquiry is whether electronically stored information is not discoverable due to the undue cost or burden of production.  A party may refuse to provide electronically stored information responsive to a discovery request based on the cost or burden of production. See Fed. R. Civ. P. 26(b)(2)(B). However, a party which withholds discoverable electronic information bears the burden of showing its basis for doing so. Even if such a showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.  <u>Nelson v. Am. Family Mut. Ins. Co.</u>, No. 13-CV-607 (SRN/SER), 2016 WL 3919973, at *6 (D. Minn. July 18, 2016).  Safeway has made no showing as to the cost or expense of producing this information.  Nor has it explained why copying the online training materials is cost prohibitive or unduly burdensome.  In this day and age of modern technology, the court can think of no reason why the materials cannot be produced.  "All discovery requests are a burden on the party who must respond thereto.  Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or

10

producing the documents to bear the burden.  Watson-Miller v. McDonald, No. CIV 14-4112-LLP, 2016 WL 3817050 (quoting Continental Illinois Nat'l Bank & Trust Co. of Chicago v. Caton, 136 F.R.D. 682, 684-85 (D.Kan. 1991)).  The training of Safeway's employees is highly relevant to the claims made by the Plaintiff and therefore any cost of producing the requested materials is not disproportionate.  The court finds the motion to compel meritorious and will grant the motion as set forth below.

### III.    Attorney's fees

If a party files such a motion and it is granted "—or if the disclosure or requested discovery is provided after the motion was filed—the court *must*, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). However, the burden is on the moving party to demonstrate that its request for attorney's fees is reasonable.  Plaintiff failed to make any showing regarding the hours spent or the hourly rate requested.  Without such a showing the court cannot rule on the request for attorney's fees.  Should the Plaintiff file a separate motion for attorney's fees, Safeway will be able to address the reasonableness of the request and the court will consider the matter by separate motion.

Based on the foregoing, it is hereby

ORDERED that the motion to compel (Doc. 21) filed by the Plaintiff is granted.  Specifically, Safeway shall provide Plaintiff with either of the following, at Safeway's discretion:

1)    A electronic copy of the complete training modules; or

2)    Readable screenshots of every page of every training module including, but not limited to every quiz and responsive information corresponding to all quiz questions.

Both parties shall treat the training modules as confidential under the district court's protective order.

### NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law.  The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained.  See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A).   Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Id.  Objections must be timely and specific in order to require review by the district court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 23rd day of August, 2016.

BY THE COURT:

DANETA WOLLMANN
United States Magistrate Judge

12